IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-00621-RBJ

ANTHONY W. KNOWLES and
LESLIE A. KNOWLES,

    Plaintiffs,

v.

BANK OF AMERICA, N.A. successor in interest to Countrywide Home Loans;
BAC HOME LOAN SERVICES;
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.;
BANK OF NEW YORK MELLON; and
DOES 1-10,

    Defendants.

---

ORDER

---

This case comes before the Court on defendants' motion to dismiss [#7].

**Facts**

In December of 2002 the plaintiffs, Anthony and Leslie Knowles, obtained a $363,200.00 loan from Countrywide Home Loans, Inc. (Countrywide) to refinance their real property located at 520 W. Aberdeen Avenue in Littleton, Colorado. In 2009 Countrywide merged with Bank of America. The loan was secured by a deed of trust recorded against the property and the beneficiary was Mortgage Electronic Registration Systems, Inc. (MERS). In December 2011, MERS assigned to Bank of New York Mellon (BNYM) the deed of trust that was executed by plaintiffs in December 2002.

In 2005 foreclosure proceedings were started against the plaintiffs when they defaulted on their loan obligations. In May 2006 plaintiffs filed a Chapter 13 Voluntary Bankruptcy

Petition and were discharged in April 2010. In November 2011 plaintiffs again filed for bankruptcy under Chapter 13. Plaintiffs filed a voluntary withdrawal of Chapter 13 bankruptcy and were dismissed from the action in December 2011.

Plaintiffs filed this complaint in March 2012 alleging eight claims: (1) lack of standing to foreclose; (2) wrongful foreclosure; (3) breach of contract; (4) breach of the implied covenant of good faith and fair dealing; (5) unjust enrichment; (6) intent to defraud and deceived; (7) quiet title; and (8) slander of title.

**Standard**

In reviewing a motion to dismiss, the Court views the motion in the light most favorable to the nonmoving party and accepts all well-pleaded facts as true. *Teigen v. Reffrow,* 511 F.3d 1072, 1079 (10th Cir. 2007). However, the facts alleged must be enough to state a claim for relief that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). A plausible claim is a claim that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

When a case involves a *pro se* party the court will "review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys." *Trackwell v. U.S. Government*, 472 F.3d 1242, 1243 (10th Cir. 2007). However, "it is not the proper function of the district court to assume the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A broad reading of a pro se plaintiff's pleadings "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based…conclusory allegations without supporting factual averments are insufficient to

state a claim on which relief can be based." *Id.* Pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (citing *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

**Conclusions**

Lack of Standing to Foreclose (claim one)

Plaintiffs argue that when the loan was securitized the note and deed of trust were separated and there is no legal right to foreclose until the note and deed of trust are reunited. Securitization creates "a separate contract, distinct from Plaintiff's debt obligations under the reference credit (i.e. the Note)." *Fick v. US Bank Nat. Ass'n*, No.11-cv-03184-WYD-KLM, 2010 WL 5464592, at * 5 (D. Colo. Sept. 10, 2012) (quoting *Larota-Florez v. Goldman Sachs Mortg. Co.,* No. 01:09cv1181, 2010 WL 1444026, at *6 (E.D. Va. April 8, 2010)). The plaintiff is not a part of the second contract created by securitization, and it does not change the plaintiff's obligation to act in accordance with the terms of the note and deed of trust. *Id.* "No legal authority exists for the proposition that securitization of a mortgage 'extinguishes a secured party's rights to foreclose." *Id.* (quoting *Upperman v. Deutsche Bank Nat'l Trust Co.,* No. 1:10-cv-149, 2010 WL 1610414, at *2 (E.D. Va. April 16, 2010)). "On the contrary, federal laws explicitly allow for the creation of mortgage-related securities, such as the Securities Act of 1933 and the Secondary Mortgage Market Enhancement Act if 1984." *Upperman,* 2010 WL 1610414, at *3. Because defendants are not required to reunite the note and deed of trust before foreclosing, plaintiffs' first claim fails as a matter of law.

Wrongful Foreclosure (claim 2)

Plaintiffs' claim for wrongful foreclosure is very similar to their first claim that defendants lack standing to foreclose. Plaintiffs argue that because their loan was sold to

investors as a "mortgage backed security" none of the defendants in this action own the loan or the corresponding note. Accordingly, plaintiffs argue that the defendants do not have the right to declare a default or foreclose on the property. This claim fails for several reasons.

First, "Colorado does not recognize a claim for damages based on 'wrongful foreclosure.'" *Schwartz v. Bank of America, N.A.,* No. 10-cv-01225-WYD-MJW, 2011 WL 1135001, at * 4 (D. Colo. March 28, 2011) (citing *Commercial Equity Corp. v. Majestic Sav. & Loan Ass'n*, 620 P.2d 56, 58 (Colo. App.1980)). Plaintiffs are not seeking to question or put aside a foreclosure, but rather are asking for damages, and therefore, wrongful foreclosure is not a proper cause of action under Colorado law. *See Commercial Equity Corp.,* 620 P.2d at 58.

Second, even if Colorado were to recognize a claim for damages for wrongful foreclosure, the claim would be barred by the economic loss rule. "The economic loss rule serves to maintain a distinction between a tort obligation and a contract obligation." *Micale v. Bank One N.A. (Chicago),* 382 F. Supp. 2d 1207, 1220 (D. Colo. 2005). Under the economic loss rule, "a party suffering only economic loss from the breach of an express or implied contractual duty may not assert a tort claim for such a breach absent an independent duty of care under tort law." *Grynberg v. Agritech,* 10 P.3d 1267, 1269 (Colo. 2000). "The key to determining the availability of a contract or tort action lies in determining the source of the duty that forms the basis of the action." *Town of Alma v. Azco Const., Inc*., 10 P.3d 1256, 1262 (Colo. 2000). In this case, the wrongful actions that the plaintiffs allege — that the defendants did not have the right to declare default on the property, that the defendants wrongly sold the loan without notifying the plaintiffs in writing, and that the defendants did not contact the plaintiffs to discuss their financial situation — arise from the contract between the parties. Plaintiffs do not

point to a separate duty imposed by tort law that the defendants breached. Accordingly, this action is barred by the economic loss rule.

Breach of Contract (claim three)

To succeed on a breach of contract claim, a plaintiff must prove: (1) the existence of a contract; (2) performance by the plaintiff or some justification of non-performance; (3) failure to perform the contract by the defendant; and (4) resulting damages to the plaintiff. *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992). Plaintiffs have failed to adequately allege facts to establish breach of contract by the defendants. First, plaintiffs have not alleged that they performed their responsibilities in the contract. In their complaint, plaintiffs say only that the loan agreement set forth dates when monthly payments were due and when late fees could be assessed. Plaintiffs never alleged that they paid their interest or principal payments.

Next, the plaintiffs did not allege how the defendants breached the contract. Facts alleged must be enough to state a claim that is plausible, not merely speculative. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiffs said only that defendants breached the note and deed of trust that plaintiffs signed. They did not explain what the defendants did to breach the contract. Accordingly, plaintiffs have not pleaded sufficient facts for breach of contract.

Breach of the Implied Covenant of Good Faith and Fair Dealing (fourth cause of action)

Under Colorado law, every contract contains an implied duty of good faith and fair dealing. *Alpine Bank v. Hubbell*, 555 F.3d 1097, 1104 (10th Cir. 2009). The duty of good faith and fair dealing "prohibits a party from exercising discretion conferred by the contract to act

dishonestly or to act outside of accepted commercial practices to deprive the other party of the benefit of the contract." *Id.* (quoting *Wells Fargo Realty Advisors Funding, Inc. v. Uioli, Inc.,* 872 P.2d 1359, 1363 (Colo. App. 1994)).

Plaintiffs argue that defendants breached the duty of good faith and fair dealing when they refused a modification of the loan. The duty of good faith and fair dealing does not contradict the terms or conditions of the contracts for which the parties have bargained and it "does not obligate a party to accept a material change in the terms of the contract or to assume obligations that vary or contradict the contract's express provisions." *Wells Fargo,* 872 P.2d at 1363. Accordingly, under the duty of good faith and fair dealing defendants were not required to modify plaintiffs' loan.

Plaintiffs also argue that the defendants breached the duty of good faith and fair dealing by engaging in conduct that would force the plaintiffs into foreclosure so that defendants could acquire the plaintiffs' property. Plaintiffs do not describe what this conduct was. Therefore, this allegation fails because it is merely conclusory, it does not provide sufficient facts upon which a claim for relief can be based.

Unjust Enrichment (claim five)

Unjust enrichment is a judicially created equitable remedy that prevents one party from unfairly benefitting at the expense of another party. *Jorgensen v. Colorado Rural Properties, LLC*, 226 P.3d 1255, 1259 (Colo. App. 2010). It is a purely equitable remedy, the obligation does not arise from a contract formed between the parties. *Id.* "Indeed, a claim for unjust enrichment may not be asserted if there is a valid contract covering the subject matter of the alleged obligation to pay." *Id.* This is because the express contract precludes any implied-in-law contract. *Interbank Invs., LLC v. Eagle River Water and Sanitation Dist.*, 77 P.3d 814, 816

(Colo. App. 2003).  In this case, plaintiffs do not allege that there was not a valid contract.  There was a promissory note and a deed of trust that expressly governed the terms of the loan and repayment.  Accordingly, unjust enrichment is not an appropriate remedy.

Intent to Defraud and Deceive (claim six)

As defendants point out, intent to defraud and deceive is not itself a recognized claim.  However, the facts plaintiffs allege suggest either a claim for fraud or a claim under the Colorado Consumer Protection Act (CCPA).  As pro se plaintiffs, this Court gives the complaint a liberal reading.  *Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  Accordingly, claim six will be analyzed under both a fraud standard and a CCPA standard.

A claim for fraud requires heightened pleading standards — all claims must be pled with particularity. Fed. R. Civ. P. (9)(b).  Under Rule 9(b) plaintiffs must "provide enough notice to each defendant of the misrepresentations the defendant made so that he can answer and otherwise defend himself." *Gardner v. Investors Diversified Capital, Inc.*, 805 F. Supp. 874, 876 (D. Colo. 1992).  "At a minimum, Rule 9(b) requires that a plaintiff set forth the who, what, when, where and how of the alleged fraud and must set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *U.S. ex rel. Sikkenga v. Regence Bluecross Blueshield of Utah*, 472 F.3d 702 (10th Cir. 2006) (internal citations omitted).

Plaintiffs did not plead with particularity which defendants engaged in the fraudulent acts, when these frauds occurred, or the contents of the false representations.  As the Tenth Circuit said in *Jensen v. America's Wholesale Lender,* "[r]ather, the [plaintiffs] simply speculate that defendants and/or their agents collectively engaged in various instances of wrongdoing that eventually culminated in the foreclosure of their home. While this might suggest that some

plaintiff could prove some set of facts in support of the pleaded claims, the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." 425 Fed App'x 761 763 (10th Cir. 2011) (internal citations omitted). Accordingly, plaintiffs failed to plead sufficient facts for fraud.

Next, under the CCPA, C.R.S. §§ 6-1-101–6-1-115, a plaintiff "must establish not only that the defendant engage in a deceptive trade practice, but also that the defendant's challenged practice significantly impacts the public as actual or potential consumers of the defendant's goods, services, or property." *Rhino Linings USA, Inc. v. Rocky Mountain Lining, Inc.,* 62 P.3d 142, 149 (Colo. 2003). Allegations of deceptive trade practices under the CCPA are subject to Rule 9(b)'s requirement of particularity. *Duran v. Clover Club Foods Co.*, 616 F. Supp 790, 793 (D. Colo. 1985). As discussed above, plaintiffs failed to provide sufficient detail to about defendants' alleged deceptive trade practices to meet the pleading requirements of 9(b). Accordingly, a claim under the CCPA cannot survive.

<u>Quiet Title</u> (claim seven)

A plaintiff in an action to quiet title "must rely on the strength of his own title thereto" and cannot succeed by challenging defendants title. *School Dist. No. 6 in Weld Cnty. v. Russell,* 396 P.2d 929, 932 (Colo. 1964). Therefore to succeed on a quiet title action, the plaintiffs must plead facts to show that they have valid title to the property. The plaintiffs spent the majority of the complaint attacking defendants' claims to title and said little about the strength of their own title to the property. Plaintiffs said only that they were the "equitable owners" of the property in question, but did not allege any facts as to why they have valid title for the property in question. This is a conclusory statement that does not provide sufficient facts for the Court to determine if it is plausible. Accordingly, plaintiffs' failed to state a claim to quiet title.

<u>Slander of Title</u> (claim eight)

To state a claim for slander of title a plaintiff must allege "(1) slanderous words; (2) falsity; (3) malice; and (4) special damages." *Fountain v. Mojo*, 687 P.2d 496, 500 (Colo. App. 1984). The fourth element, special damages, requires plaintiffs to show there was some effect on the owner's ability to sell the property. *Skyland Metro. Dist. v. Mountain West Enter., LLC*, 184 P.3d 106, 131 (Colo. App. 2007). "At a minimum, the property must be on the market for sale, and the tort must create a cloud upon the title." *Id.* In their complaint, plaintiffs did not allege any facts suggesting that their house was on the market for sale. Instead, they said only that defendants caused them to suffer general and special damages. Therefore, plaintiffs did not plead sufficient facts to state a claim for slander of title because no special damages were alleged. Accordingly, plaintiffs' claims for slander of title should be dismissed for failure to state a claim.

**Order**

Defendants' motion to dismiss for failure to state a claim is GRANTED.

DATED this 21st day of November, 2012.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge